Criminal Complaint

**REDACTED**

# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA **REDACTED**

v.

Myron Williams,
Defendant

Criminal Complaint

CASE NUMBER: 07- 08-14-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 22, 2008 in the District of Delaware, Defendant Myron Williams did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about January 24, 2006, of a crime punishable by imprisonment for a term exceeding one year, in violation of Title ____18____ United States Code, Section(s) _922(g)(1) and 924(a)(2)_ and further state that I am a(n) Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives and that this complaint is based on the following facts:

**See** attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_Veronica M. Hnat_
Veronica M. Hnat
Special Agent, ATF

Sworn to before me and subscribed in my presence,

_January 23, 2008_   at   Wilmington, DE
Date                              City and State

_The Honorable Leonard P. Stark_   _Leo P. S._
Name & Title of Judicial Officer    Signature of Judicial Officer

I, Veronica M. Hnat, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over eighteen years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over hundred occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of the below stated evidence occurred on January 22, 2008, in the city of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officers who have personal knowledge of the stated facts.

4. On January 22, 2008, at approximately 1236 hours, Wilmington Police were dispatched to the 1000 block of Linden Street, in the city of Wilmington, for a man with a gun. When they entered the block, they were waved down by a Hispanic female. She told the Officers that a black male, later identified as Myron Williams, (herein also named the defendant), pulled a gun on her son, (herein the victim), and then ran into a residence on the same street that she pointed out to the Officers. As they were speaking, Myron Williams, the defendant, came from behind the residence that the Hispanic female identified and walked into the street. The Hispanic female then yelled "That's him, that's the guy that tried to rob him."

5. The Officers approached Williams and took him into custody. They asked him what his name was and he replied Admond Bradley. He told the Officers he was from Chester, PA. The Officers patted the defendant down for officer safety and found a bundle of heroin on the defendant and two additional bundles around the area where the Officers took him into custody. The Officers observed that the three bundles appeared to be similar in their packaging and none of the bundles were marked with any stamps. The approximate weight of the three bundles of heroin is .97 grams.

6. The Officers then interviewed the Hispanic female and she stated that Williams knocked on their door; she and the victim looked out the window and the victim said that that was the guy that robbed me. She said that the victim went out the

front door and confronted Williams. She stated that they started fighting in the street. She stated that once the fighting started, Williams pulled out a gun and fired two shots at the victim. She then stated that the victim ran away and Williams ran into the residence she had pointed out earlier.

7. The Officers interviewed the person inside the residence where the defendant was seen running into. The witness stated that he heard the noise out side his house and saw two people fighting in the street. He said he saw the defendant with a gun and saw him hit the victim around the head area with the gun. He stated that he heard two gun shots right after that. The witness stated that the defendant then came to his house and told him he was being shot at. The witness stated that he knew the defendant from prior encounters.

8. The witness then stated that the defendant went into his house and went to the basement and hid the firearm behind a wall in the basement. The witness told the defendant that he could not have that in the house. The witness then stated that the defendant went upstairs and left out the back door. The witness took the Officers to where the defendant placed the firearm.

9. The Officers recovered a Colt, Cobra Special, .38 caliber revolver with the serial number partially scratched off. The firearm was loaded with two live rounds and two spent shell casings.

10. The defendant was transported to Wilmington Police Department, he was read his Miranda warnings and agreed to speak to one of the Detectives. The defendant admitted he went to the victim's house because the victim was "beefing" with another individual on the street about selling drugs. He stated that he started talking to the victim and he said he got jumped. He said while he was being jumped one of them pulled a gun and shot it. He stated that he saw the gun hit the ground and he grabbed it and ran. He also stated the he purchased heroin before he went to the victim's house.

11. A review of the Delaware Justice Information System for the defendant's criminal history revealed that Williams' date of birth is ▬▬1968. It also indicated that he has a prior felony conviction and was found guilty of Possession with the Intent to Deliver a Narcotic Schedule I Controlled Substance on or about 1/24/2006, in Superior Court of Delaware, New Castle County, which is a crime punishable by imprisonment for a term exceeding one year.

12. From your affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware such that the possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

13. Based upon your affiant's training and experience, your affiant submits that there is probable cause to believe the above mentioned seized firearm contained a frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

14. Wherefore, based upon your affiant's training and experience, our affiant believes that there is probable cause to believe that the defendant violated 18 USC 922(g)(1) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony and respectfully requests that the Court issue a Criminal Complaint charging that offense.

*[signature]*
Veronica M. Hnat
Special Agent, ATF

Sworn to and subscribed in my presence
This 23rd day of January, 2008

*[signature]*
Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware