AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     **DELAWARE**

UNITED STATES OF AMERICA
V.
    MYRON WILLIAMS,
          *Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 08-14-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence  X a preponderance of the evidence that

Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court during the preliminary hearing and the detention hearing, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

<u>the nature and circumstances of the offense:</u> the Defendant is accused of being a felon in possession of a firearm. He was arrested on January 22, 2008 in Wilmington after two eyewitnesses told Wilmington Police they saw Defendant possess a firearm. One of the witnesses said the Defendant brandished the firearm and fired two shots while trying to rob her son. The second of the witnesses said he saw the Defendant hit the first witness' son on the head with the firearm; the Defendant then entered this second witness' residence and hid the firearm and then left. Officers later recovered a Colt, Cobra Special, .38 caliber revolver in the location within the second witness' residence where the second witness said the Defendant had hidden a firearm. When the Defendant was arrested he gave officers a false name and had in his possession a bundle (13 bags) of heroin.

<u>the weight of the evidence:</u> is strong. In addition to two witnesses stating they saw the Defendant in possession of a firearm, the Defendant gave a post-arrest statement admitting that he possessed a gun (though his account of the circumstances is at odds with the accounts of the two witnesses on nearly all other points). The firearm that was recovered from where the second witness said the Defendant had put it was manufactured outside of Delaware and necessarily moved in interstate commerce prior to the Defendant's possession of it. The Defendant was previously convicted of felony offenses including a January 2006 conviction in Delaware Superior Court for possession with intent to deliver a narcotic schedule I.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the history and characteristics of the Defendant: the Defendant has an extensive criminal history, stretching back to his youth, including five prior felonies (including robbery and possession of a dangerous weapon), six drug convictions, and six violations of probation. He pled guilty in state court most recently just 6 days before his arrest on the instant charge. While it appears that the Defendant has the support of his wife and parents and other members of the community, and may be able to play a productive role in helping others to learn from his experiences, his extensive and persistent criminal history leads the Court to conclude that he is not amenable to supervision.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession of a firearm, who also possessed heroin, and who has an extensive criminal history, and who allegedly discharged and otherwise used a firearm in connection with the instant offense, the Defendant would pose a danger to the community if released.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

January 31, 2008
Date

Signature of Judge

Leonard P. Stark U.S. Magistrate
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).